

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

November 4, 1969

Honorable John H. Flinn
District Attorney
36th Judicial District
Courthouse, P.O. Box 1112
Sinton, Texas 78387

Opinion No. M-503

Re: Whether a county depository
contract may be assigned by
a liquidator of a defunct bank
to a successor bank, and re-
lated questions.

Dear Mr. Flinn:

By recent letter to this office you have requested an opinion
from this office concerning captioned matter. You state:

"The First State Bank of Aransas Pass
did not open its doors for business on September 3,
1969. Subsequently, a new bank, chartered under
the laws of the State of Texas, was opened in Aran-
sas Pass with the name of First State Bank of Ar-
ansas Pass, Texas.

"A liquidator of the Federal Deposit In-
surance Corporation has obtained possession of
the assets of The First State Bank of Aransas Pass
and conveyed them to First State Bank of Aransas
Pass /‾Texas‾/, with no loss to any depositors of
the prior bank.

"I understand that among the assets so conveyed
were the depository contract with San Patricio County,
the funds of the county deposited with the prior bank
under such depository contract, and the securities
pledged to secure such funds."

You ask, specifically:

-2411-

Honorable John H. Flinn, page 2      M- 503

"1.  Is a county depository contract
such  a contract which may be assigned by a
liquidator of a defunct bank to a successor
bank?

"2.  Is the successor First State Bank
of Aransas Pass /Texas_/ a county depository
of San Patricio County,  subject to the provisions
of the depository contract of said county with the
now defunct The First State Bank of Aransas
Pass? "

Articles 2567 and 2569,  Vernon's Civil Statutes,  are the ap-
plicable statutes relating to the insolvency of a county depository.  These
statutes read:

"Article 2567.  Selection of special de-
pository.

"When any bank,  which is a county,  city or
district depository of public funds under the laws of
this State,  suspends business or is taken charge of
by the Comptroller of the currency or the Commission-
er of Banking,  as the case may be,  the lawful county,
city or district authorities,  authorized to select the
depository in the first instance,  shall have the discre-
tion and authority to select by contract a special de-
pository for the public funds in such  suspended bank.
Such special depository shall assume the payment of
the amount of public funds due by the suspended bank
on the date of its suspension,  including interest to that
date,  and shall pay the same to the lawfully designated
public authority in accordance with the contract entered
into by such special depository.  The contract shall be
for the performance of the agreement entered into be-
tween the proper public authorities designated above,
and the special depository,  and shall require the pay-
ment of the deposit in such installments as may be agreed
upon,  the last of which  shall be paid not exceeding three
years from the date of the contract.  The installments,  or

the amount due, may be evidenced in the
discretion of the contracting parties by nego-
tiable certificates of deposit or cashier's
checks, payable at specified dates, if made a
part of the contract.  The performance of the
contract and the payment of funds described
therein shall be secured by bond, or by sever-
al bonds in case of installments, to be given by
the special depository with the same character
of sureties as is required by regular depository
bonds.  The contracts and bonds of special de-
positories shall be approved by the authority
authorized by law to approve contracts and bonds
of regularly selected depositories.  The rate of
interest which funds placed in a special depository
hereunder shall bear shall be fixed by the contract,
or such funds may, in the discretion of the con-
tracting parties, be non-interest bearing.  Acts
1921, p. 68. "

".  .  .  .

"Art. 2569.  Selection optional

"Nothing in this chapter shall require the
State, county, city or district authorities to select
any special depository as herein permitted, but
they may proceed by their lawful remedies against
the failed bank, if, in their discretion, it is best for
the public interest so to do.  Id. "

Both of your questions, therefore, are answered in the negative.
The statutes hereinabove quoted clearly provide what course of action
County authorities are to take in the event a county depository fails under
the conditions specified in Article 2567.  You will note that in the selection
of a special depository, provisions for notice of the contract and bank ap-
plications as is required in the establishment of county depositories in the
first instance are not made.

## SUMMARY

In the event a county depository suspends business or is taken charge of by the Comptroller of the Currency, County authorities are to be governed by the provisions of the Special Depository Statute, Articles 2567 and 2569, Vernon's Civil Statutes. A county depository contract is not assignable by a liquidator of a defunct bank to a successor bank. The successor First State Bank of Aransas Pass is therefore not subject to the provisions of the depository contract with the defunct bank which was the subject of the inquiry.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ray McGregor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Roy Mouer
Bill Allen
James Quick
Gordon Cass

Meade F. Griffin
Staff Legal Assistant

Nola White
First Assistant